## Justice *vs.* Mendell and McLanahan.

ERROR TO LAWRENCE CIRCUIT.

1. One who innocently acquires the possession of property taken by a trespasser without his knowledge or subsequent assent, and not taken for his benefit, cannot be regarded as a trespasser by relation, even though he sell the property so taken, but may be liable in detinue or trover for the value. (1 *Dana*, 111.)

2. But in such case, the value of the property held or converted, without smart money, is the criterion of damages.

3. To constitute one a trespasser by relation, "it is necessary that he should have subsequently assented to the trespass, and that it should have been committed for his use, though he may receive property taken by trespass." (3 *Monroe*, 423.)

4. A party may not complain of an instruction which is wholly abstract, and by which he is not prejudiced.

Chief Justice HISE delivered the opinion of the court.

Mendell and McLanahan, partners and plaintiffs in this action, were the owners of a raft of timber which was moored to the shore of the Ohio river, near the city of Maysville, at their landing. The defendant, David Justice, and others in his employ, were upon a raft of lumber belonging to Justice, conveying the same down the river, and when opposite to, and about to pass the plaintiff's raft, the defendant,

with the assistance of the hands in his employ, made fast his raft with ropes or cables to the raft of the plaintiffs, which was thereby broken loose and detached from its moorings and carried down by the current of the river with defendant's raft, until it broke to pieces, and the saw stocks, to the value of about $185, of which it was composed, floated off down the river and were lost, except about fifty, which were secured and carried to the shore, and sold by the defendant at New Richmond. Upon this state of fact the plaintiffs recovered a verdict and judgment against the defendant for $185 damages; the value of the raft, as proved, and costs of suit. Without having moved for a new trial, or in arrest of judgment in the lower court, the defendant has brought the case to this court, and asks a reversal of the judgment, because the court below committed an error to his prejudice by instructing the jury as follows, to-wit:

"That although the jury may not believe that the defendant was guilty of the trespass in the first instance, still, if afterwards he took and sold any portion of the raft, he became a trespasser by relation, and was responsible for the whole raft."

The court, upon application of defendant's attorney, refused to modify this instruction, by confining the responsibility of defendant to the value of the saw stocks actually sold by him, except and unless the trespass was committed with the knowledge and direction of defendant, or for his use, and that he afterwards assented thereto.

By giving the instruction and refusing to qualify it as requested, the court below seemed to be of the opinion, that although a person innocently acquired the possession of property by purchase or otherwise, which had been taken wrongfully by a trespasser from the owners, without the knowledge, or prior, or even subsequent assent of such person, and although the trespass be not committed for his use, or by one in his employment, yet if in such case he sold or dis-

1. One who innocently acquires the possession of property taken by a trespasser without his knowledge or subsequent assent, and not taken for his benefit, cannot be regarded as a trespasser by

JUSTICL
*vs.*
MENDELL &
McLANAHAN.

posed of such property, he would thereby become a trespasser by relation, *ab initio*, and would be responsible for all damages.

relation, even though he sell the property so taken; but may be liable in detinue or trover for the value. (1 *Dana*, 111.)

Such is not the law, and the rule has never been, so far as known, thus extended. It is true, that detinue or trover, as the case may be, may be maintained for the recovery of the value of another's property against any person who however innocently may have it in his possession, or may have converted it to his own use, without the owner's consent, as settled in the case of *Pool v. Atkinson, &c.*, reported in 1

2. But in such case, the value of the property held or converted, without smart money, is the criterion of damages.

*Dana*, 111. But in such cases, the actual value of the property is the criterion of the amount of the recovery, and damages cannot be recovered in the form of smart money, as for a forcible and illegal capture of the property by a trespasser in the action of trespass, simply because the defendant in such case is not a

3. To constitute one a trespasser by relation, "it is necessary that he should have subsequently assented to the trespass, and that it should have been committed for his use, though he may receive property taken by trespass." (3 *Monroe*, 423.)

trespasser. But to convict a defendant in the action of trespass as a trespasser by relation, it is necessary that he should have subsequently assented to the tres pass, and that it should have been committed for his use. If the defendant be not present when a trespass is committed, and it be not committed for his benefit, by one in his employment, or otherwise for his use, he is not liable as a trespasser *ab initio*, be-cause he afterwards, even with the knowledge that it was tortiously taken by another, receives the possession of the property of the plaintiff. So settled in the case of *Harper and James v. Baker*, reported in 3 *Monroe*, 423.

4. A party may not complain of an instruction which is wholly abstract, and by which he is not prejudiced.

But, although the court erred in giving the third instruction, as above extracted, and in refusing to modify the same as suggested by the defendant's attorney, yet the defendant was not prejudiced by it; it was wholly abstract and was not in fact applicable to the facts of the case as proved. The defendant in this case was liable as a trespasser, not because of any subsequent assent to the trespass committed, or because he may have subsequently taken possession and disposed of part of the plaintiff's raft, but be-

cause he was himself present, and he and his hands, by his direction, made their raft fast to the plaintiffs wrongfully, by reason whereof it was violently broken loose from the shore to which it was attached and secured with cables, and carried down the river with the raft of defendat until it broke to pieces, and the stocks of which it was composed, separately floated away; and the defendant's liability as trespasser in this case, did not depend in any degree upon the fact that the defendant subsequently secured and disposed of part of the timber, nor was his responsibility thereby either increased or diminished. The law having been otherwise, in the residue of the instructions correctly ruled by the court, the verdict of the jury could not have been influenced to the defendant's injury by reason of the erroneous instruction of the court upon an abstract legal proposition, having no application to the facts of this case, as incontrovertibly established by all the proof in the cause, and their verdict must have been the same, whether the erroneous instruction had been given, modified, or altogether refused.

Wherefore, the judgment is affirmed.

FARROW for plaintiff; CRADDOCK for defendants.